UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAUGHN WAYNE MONROE,

       Petitioner,

v.

           CASE NO. 04-CV-74885-DT
           JUDGE PAUL D. BORMAN
           MAGISTRATE JUDGE PAUL J. KOMIVES

HAROLD WHITE,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

I.    <u>RECOMMENDATION</u>: The Court should deny petitioner's application for the writ of habeas corpus.

II.    <u>REPORT</u>:

A.    *Procedural History*

    1.    Petitioner Vaughn Wayne Monroe is a state prisoner, currently confined at the Parnall Correctional Facility in Jackson, Michigan.

    2.    On November 14, 2002, petitioner was convicted of one count of third degree operating a vehicle under the influence of intoxicating liquor (OUIL), MICH. COMP. LAWS § 257.625(1), (7)(a)(ii), pursuant to his guilty plea in the Bay County Circuit Court. On the same date, he was sentenced as a second habitual offender to a term of 10 months' to 10 years' imprisonment.

    3.    Petitioner, proceeding *pro se*, sought leave to appeal in the Michigan Court of Appeals, raising the following claims:

        I.    THE TRIAL COURT CLEARLY ABUSED ITS DISCRETION AND/OR MADE AN ERRONEOUS DECISION BECAUSE BY APPLYING ESTABLISHED LAW THIS JUDGMENT CANNOT STAND, CLEARLY

THE RECORD SHOWS BY EXHIBITS A 5 MONTH DELAY BETWEEN ARRAIGNMENT AND PRELIMINARY EXAMINATION.

II.      THE TRIAL COURT CLEARLY ABUSED ITS DISCRETION AND/OR MADE AN ERRONEOUS DECISION BECAUSE BY APPLYING ESTABLISHED LAW THIS JUDGMENT CANNOT STAND, CLEARLY THE RECORD SHOWS BY EXHIBITS THAT THIS DEFENDANT'S RIGHT TO A SPEEDY TRIAL HAS BEEN VIOLATED.

III.     THE TRIAL COURT CLEARLY ABUSED ITS DISCRETION AND/OR MADE AN ERRONEOUS DECISION BECAUSE BY APPLYING ESTABLISHED LAW THIS JUDGMENT CANNOT STAND, THE 1995 CONVICTION OF OUIL WAS DENIED THE ASSISTANCE OF COUNSEL THEREFORE [sic] CANNOT BE USED FOR ENHANCE [sic] PURPOSES AND THE MOTION TO SQUASH [sic] SHOULD HAVE BEEN GRANTED.

The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack of merit in the grounds presented." *See People v. Monroe*, No. 251460 (Mich. Ct. App. Jan. 26, 2004).

4.      Petitioner, proceeding *pro se*, sought leave to appeal these issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Monroe*, 471 Mich. 884, 688 N.W.2d 505 (2004).

5.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on December 15, 2004. As grounds for the writ of habeas corpus, he raises the three claims that he raised in the state courts.

6.      Respondent filed his answer on June 15, 2005. He contends that petitioner's claims are without merit.

B.      *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by

2

the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No.

104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

Amongst other amendments, the AEDPA amended the substantive standards for granting habeas

relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning."

*Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002).  "A

state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts

the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are

materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a

result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)

(quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535

U.S. at 694.  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court

to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme]

Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*,

539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694.

However, "[i]n order for a federal court to find a state court's application of [Supreme Court]

3

precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

C.      *Speedy Trial Claims (Claims I & II)*

In his first two claims, petitioner contends that he was denied both a speedy arraignment and a speedy trial. Specifically, petitioner contends that he was denied his rights to due process and to a speedy trial because of the five month delay between his arraignment and the preliminary examination, and because of the more than one year delay between his arrest and trial. Regardless of the substantive merits of these claims, however, the Court should conclude that petitioner waived them by pleading guilty, and thus that he is not entitled to habeas relief.

"It is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005). As the Supreme Court has explained:

> A guilty plea represents a break in the chain of events which had preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The courts have uniformly held that a speedy trial claim is a nonjurisdictional defect which is waived by the entry of a guilty plea. *See, e.g.*, *United States v. Jarrar*, 99 Fed. Appx. 726, 730 (6th Cir. 2004); *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997); *Thye v. United States*, 96 F.3d 635, 637 (2d Cir. 1996); *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993).

Petitioner does not claim that his guilty plea was unknowing or involuntary, or that the plea is invalid in any other respect. The plea therefore represents "a break in the chain of events which had preceded it," *Tollett*, 411 U.S. at 267, and cures any antecedent speedy trial violation. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his first two

5

claims.

D.     *Use of Uncounseled Prior Conviction (Claim III)*

In his third claim, petitioner contends that he was denied due process when the court used a prior uncounseled conviction to enhance his sentence.  Respondent contends that petitioner's uncounseled conviction claim is subject to the same waiver rule which governs his speedy trial claims.  The Court should agree.

As noted above, in *Tollett* the Court held that when a defendant enters a valid guilty plea he "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior to* the entry of the guilty plea."  *Tollett*, 411 U.S. at 267 (emphasis added).  Thus, the rule of *Tollett* is, as phrased by the Ninth Circuit, that a guilty plea "cures all *antecedent* constitutional defects."  *Lopez-Armenta*, 400 F.3d at 1175 (emphasis added).  For this reason, "[a] guilty plea does not foreclose claims for constitutional deprivations arising *subsequent* to entry of a guilty plea."  *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 480 n.4 (E.D. Va. 2005) (citing *United States v. Bunch*, 80 Fed. Appx. 846, 847 (4th Cir. 2003) (per curiam)).  This generally includes challenges to a sentence.  *See Bunch*, 80 Fed. Appx. at 847 ("Here, the attack is on Bunch's sentence, which was imposed after entry of the guilty plea.  Hence, by pleading guilty, Bunch did not waive his right to bring the instant claim.").

This rule does not apply, however, where the defendant has pleaded to the actual facts used in imposing the sentence.  Thus, for instance, where a federal criminal defendant pleads guilty with a stipulation as to the applicability of specific sentencing factors, he may not challenge the imposition of a sentence based on those factors following the entry of his plea.  *See United States v. Early*, 77 F.3d 242, 244 (8th Cir. 1996) (per curiam) (defendant cannot challenge Guidelines

6

application on appeal where plea agreement expressly sets forth base offense level); *Percy v. United States*, No. 95-4075, 1996 WL 435220, at *1 (6th Cir. Aug. 1, 1996 (per curiam) (unpub. op.) (reaching similar result). Here, petitioner pleaded guilty to third degree OUIL, a necessary element of which was a prior OUIL conviction within the seven years preceding the conviction. *See* MICH. COMP. LAWS § 257.625(7)(a)(ii). Petitioner also pleaded guilty to being a second habitual offender. His guilty plea "relieved the state of any burden of proof it may have had concerning the constitutionality of the prior convictions." *Robinson v. Leapley*, 26 F.3d 826, 830 (8th Cir. 1994); *see also*, *Vail v. Procunier*, 747 F.2d 277, 278 (5th Cir. 1984) (petitioner's "plea of 'true' to the enhancement count, while represented by counsel, constituted a waiver of any complaint concerning the prior conviction."). In short, "[a]n objection to the use of a 'prior invalid conviction for enhancement purposes' is waived when a plea of guilty is entered to the enhancement charged." *Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.      *Conclusion*

        In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

        The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver

of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives_____
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:11/18/05

The undersigned certifies that a copy of the foregoing
order was served on the attorneys of record by electronic
means or U.S. Mail on November 18, 2005.

s/Eddrey Butts_____
Case Manager